IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Shannon Miles Lancaster, | ) | Civil Action No. 7:17-CV-02302-TMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| James Ruane, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, a prisoner proceeding pro se and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. On October 20, 2017, and October 26, 2017, Plaintiff filed two Motions to Amend his Complaint. (ECF Nos. 14, 15). The magistrate judge granted Plaintiff's Motions to Amend. (ECF No. 16). On November 13, 2017, Defendant filed a Motion to Dismiss Plaintiff's Complaint. (ECF No. 21). The court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the potential consequences if he did not respond adequately to Defendant's motion. (ECF No. 22). Plaintiff subsequently filed a third Motion to Amend his Complaint (ECF No. 25) and filed a Response in Opposition to the Defendant's Motion to Dismiss (ECF No. 20). Thereafter, Plaintiff filed a Motion for Summary Judgment. (ECF No. 34). The magistrate judge granted Plaintiff's third Motion to Amend, noting that based on Plaintiff's amendments, the court would "treat the Complaint as filed against Defendant only in his individual capacity." (ECF No. 36). Defendant then filed a Response in Opposition to the Motion for Summary Judgment (ECF

1

No. 38) and a Reply to Plaintiff's Response in Opposition of the Motion to Dismiss (ECF No. 40).

Before the court is the magistrate judge's Report and Recommendation ("Report") (ECF No. 42), recommending that the court grant Defendant's Motion to Dismiss (ECF No. 21). Plaintiff was advised of his right to file objections to the Report. (ECF No. 42-1). After the Report had been mailed to Plaintiff, Plaintiff filed a fourth Motion to Amend his Complaint.[1] (ECF No. 44). Plaintiff subsequently filed objections to the Report (ECF No. 45) and later supplemented those objections (ECF No. 47). Defendant filed a Response in Opposition to the Motion to Amend. (ECF No. 48). On May 7, 2018, Plaintiff filed a fifth Motion to Amend his Complaint.[2] (ECF No. 51). Defendant responded, opposing the amendments (ECF No. 56), and Plaintiff replied to Defendant's response. (ECF No. 58). Finally, on May 10, 2018, Plaintiff filed a Motion for Copies stating that he has lost his copy of the Complaint due to a "shakedown" of the prison and needs another copy. (ECF No. 54).

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a

---

[1] In his fourth Motion to Amend the Complaint, Plaintiff seeks to do the following: (1) withdraw the false arrest claim; (2) add a claim alleging violation of the fourth amendment right to privacy; (3) amend the fourth amendment violation of privacy claim with a violation of S.C. Code Ann. § 17-30-20 –145 claim, due to "unlawful audio and video recordings, or unlawful wiretap." (ECF No. 44).

[2] In his fifth Motion to Amend, Plaintiff seeks to add the same information provided in his previous Motion to Amend (ECF No. 44) along with (1) adding a claim alleging violation of the Fourteenth Amendment for violation of due process, and (2) adding a claim to subject Defendant to criminal prosecution for violating the South Carolina Wiretap Act. (ECF No. 51).

2

specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. BACKGROUND

In his Complaint, Plaintiff alleges that on April 11, 2016, Defendant, a narcotics investigator, along with an informant, contacted Plaintiff and asked him to get drugs for Defendant and the informant. (ECF No. 1 at 4). Plaintiff asserts that Defendant and the informant told Plaintiff that if he got them the drugs, they could get Plaintiff a job with their construction business. *Id.* Plaintiff claims that Defendant then met with Plaintiff and conducted a controlled buy "without using the informant at the scene," by personally giving Plaintiff $650 in exchange for drugs." *Id.* Plaintiff states that Defendant's actions were wrongful because "no one authorized" Defendant to make the controlled buy. *Id.* at 5.

Plaintiff further asserted that Defendant's actions amounted to a "4th Amendment Violation by virtue of 14th Amendment." *Id.* Plaintiff later clarified this, stating that Defendant caused "a deprivation of the Plaintiff's 14th Amendment right of due process of law from which flowed an illegal invasion of a constitutionally protected 4th Amendment right to privacy." (ECF No. 28-1 at 3). In relation to the violation of due process, Plaintiff alleges that Defendant violated South Carolina law, specifically South Carolina Code Sections 17-30-20 through 17-30-145, in not obtaining authorization from the South Carolina Law Enforcement Division ("SLED"), the Attorney General, or a judge before conducting a controlled buy. (ECF No. 1 at 5). Plaintiff, therefore, asserts that he was "illegally arrested" on April 20, 2016." *Id.* at 8.

Plaintiff notes that all charges based on the controlled buy were *nolle prossed* on March 14, 2017.[3] *Id.* at 12.

## II. APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support his claim and entitle him to relief. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). While "a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss . . ., factual allegations must be enough to raise a right to relief above the speculative level." *Coleman v. Md. Court of Appeals,* 626 F.3d 187, 190 (4th Cir. 2010) (citations omitted).

Therefore, a plaintiff's complaint only needs to include "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, when "evaluating a civil rights complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6)," the court must be "especially solicitous of the wrongs alleged." *Harrison v. U.S. Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988) (internal citations omitted). Furthermore, when the plaintiff proceeds pro se, the court is charged with liberally construing the factual allegations of the complaint in order to allow potentially meritorious claims to go forward. *See Erickson v. Pardus*,

---

[3] Plaintiff asserts that the only charges resulting from the controlled buy were included in indictment 2016A4210101490. (ECF No. 1 at 8).

551 U.S. 89, 94 (2007). Still, this requirement of liberal construction does not mean that this court may ignore a clear failure in the pleading to allege facts that set forth a cognizable claim for relief. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

The magistrate judge provided a thorough report that addressed the sufficiency of Plaintiff's claims and recommended that this court grant the Defendant's Motion to Dismiss. (ECF No. 42). Plaintiff filed timely objections to this Report, (ECF No. 45), and later supplemented those objections, (ECF No. 47). The vast majority of Plaintiff's objections simply restate his claims or object generally to the magistrate judge's determinations on issues of law without providing a specific basis for why Plaintiff objects.[4] However, the court does find that Plaintiff has made the following specific objections to the Report: (1) that the magistrate judge failed to address Plaintiff's claims for invasion of privacy and unreasonable search; (2) that the magistrate judge erred in not ruling on Defendant's alleged violation of various policies when determining whether or not Plaintiff alleged a sufficient claim for violation of due process under the Fourteenth Amendment; (3) that the magistrate judge erred in ruling that Plaintiff's claims were frivolous due to the claims hinging on a meritless false arrest claim;[5] and (4) that the

---

[4] As to the objections regarding Plaintiff's claims for false arrest and entrapment, Plaintiff simply objects to the ultimate decision of the magistrate judge and, as a basis for his disagreement, cites facts already in the record, which were considered and addressed by the magistrate judge. Furthermore, per Plaintiff's motions to amend (ECF Nos. 44 & 51), Plaintiff now seeks to withdraw his false arrest claim. Additionally, the magistrate judge correctly found that entrapment is an affirmative defense that would have been raised at Plaintiff's criminal proceedings before the state, and that entrapment, by itself, does not give rise to a constitutional violation under the Fourth Amendment. *See U.S. v. Russell*, 411 U.S. 423, 430 (1973) (in a criminal context, stating that entrapment did not violate an "independent constitutional right" of a defendant); *Stevenson v. Bales*, 986 F.2d 1429 (10th Cir. 1993) (dismissing § 1983 claim brought on the basis of entrapment); *Jones v. Bombeck*, 375 F.2d 737 (3rd Cir. 1967) (determining that there was no cause of action under the Civil Rights Act for entrapment); *Poole v. Carteret Cnty. Sheriff's Dept.*, No. 5-10-CT-3215-BO, 2011 WL 10653675 at *2 (E.D.N.C. May 10, 2011) (stating that "entrapment is not a constitutional violation which extends to civil cases"), *aff'd*, 458 Fed. App'x 232, 233 (4th Cir. 2011).

[5] Plaintiff contends that the crux of his § 1983 claims are for unlawful wiretap and violation of rights of privacy, not false arrest. (ECF No. 47 at 3).

5

magistrate judge erred in not addressing Plaintiff's request for production. These specific objections are discussed below.

**A. Invasion of Right of Privacy and Unreasonable Search**

Plaintiff states that the magistrate judge did not rule on his Fourth Amendment claims for an unreasonable search that invaded his right of privacy. (ECF No. 47 at 3). The magistrate judge did discuss the Plaintiff's Fourth Amendment claims within the context of his claim for false arrest. (ECF No. 42 at 9 – 11). However, to the extent that Plaintiff's Complaint and objections can also be liberally construed as asserting a claim for unreasonable search under the Fourth Amendment regarding the audio and video recording of the controlled buy, which the magistrate judge did not address, the court finds this claim to be without merit.

The Fourth Amendment protects individuals from unreasonable searches and seizures. U.S. Const. amend. IV. However, as the Supreme Court has routinely held, "the application of the Fourth Amendment depends on whether the person invoking its protection can claim a 'justifiable,' a 'reasonable,' or a 'legitimate expectation of privacy' that has been invaded by government action." *Smith v. Maryland*, 442 U.S. 442 U.S. 735, 740 (1979). In answering this question, the court must look at (1) whether the individual "exhibited an actual (subjective) expectation of privacy" and (2) whether "the individual's subjective expectation of privacy is 'one that society is prepared to recognize as 'reasonable,'" or, in other words, whether the individual's expectation was objectively "justifiable under the circumstances." *Id.*

The Supreme Court has specifically rejected the notion that "the Fourth Amendment protects a wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it." *Hoffa v. United States*, 385 U.S. 293, 302–303 (1966). In *Hoffa v. United States*, the court noted that "no interest legitimately protected by the Fourth Amendment"

was involved where the claimant invited the government official into his hotel room and the conversation was either directed at or in the presence of the government official. *Id.* at 302. The court stated that the claimant "was not relying on the security of [his] hotel room; he was relying upon the misplaced confidence that [the official] would not reveal his wrongdoing." *Id.* As such, the claimant had no reasonable expectation of privacy as to those communications. *See id.* Furthermore, the Supreme Court has determined that where the law "gives no protection to the wrongdoer whose trusted accomplice is or becomes a police agent, neither should it protect him when the same agent has recorded or transmitted the conversations" with the wrongdoer and those conversations are "offered in evidence to prove the State's case." *United States v. White*, 401 U.S. 745, 752 (1971).

Here, Plaintiff arguably had a subjective expectation that his conversations with Defendant and with the confidential informant were private conversations that were not being recorded. However, this misplaced belief does not entitle him to a reasonable, justifiable expectation of privacy as to those communications. *Id.* Plaintiff voluntarily agreed to meet with Defendant and the informant in order to exchange drugs. (ECF No. 1 at 7–8). While meeting, all conversations and the exchange were within the presence of Defendant and the informant, both of whom were working to reveal Plaintiff's wrongdoing. *Id.* Plaintiff's "misplaced confidence" that Defendant and the informant would not record his actions do not amount to a reasonable expectation of privacy.[6] Therefore, Plaintiff's claim for an unreasonable search under the Fourth Amendment fails.

---

[6] Additionally, to the extent that Plaintiff is claiming a violation of either the state or federal acts regarding wiretaps, found in S.C. Code Ann. § 17-30-10 *et seq*. and 18 U.S.C. § 2510 *et seq*., based on the same transactions or occurrences of the controlled buy and arrest, these claims fail. Both the state and federal acts provide that that it is lawful for "a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent" to the interception. 18 U.S.C. § 2511 (2)(c); S.C. Code Ann. § 17-30-30(C). Here, Defendant was undoubtedly acting "under color of law" during the commission of his undercover investigation. He was a party to the communications

7

## B. Violation of Due Process

Plaintiff further asserts that the magistrate judge erred in determining that he had not pled sufficient factual basis to establish a claim for violation of due process under the Fourteenth Amendment. The Fourteenth Amendment provides that no person shall be deprived "of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. The Supreme Court has acknowledged that "there may be a substantive due process violation where 'the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction.'" *Stokes v. Gann*, 498 F.3d 483, 485 (5th Cir. 2007) (quoting *United States v. Russell*, 411 U.S. 423, 431–32 (1973)). However, to establish a substantive due process violation, Plaintiff must demonstrate that Defendant's "conduct was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Manion v. North Carolina Med. Bd.*, 693 Fed. App'x 178, 181 (4th Cir. 2017) (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998), *abrogated on other grounds, Saucier v. Katz*, 533 U.S. 194 (2001)). Furthermore, any "conduct intended to injure in some way [that is] unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." *Cty. of Sacramento*, 523 U.S. at 849.

Here, the state undoubtedly has a significant interest in enforcing its drug trafficking laws and getting drug dealers off the streets. To the extent that this claim for violation of due process is based on Plaintiff's assertion that he was entrapped by Defendant, this claim fails. The court offers no opinion as to whether or not Plaintiff was entrapped. However, even if Plaintiff was entrapped, given the state's significant interest in enforcing its drug laws, the court finds that

---

that were recorded. While the court makes no finding as to whether or not the recording of the controlled buy was an "interception" of "oral communications" under these provisions, as Plaintiff asserts, even if it was, Defendant's actions were lawful.

setting up a controlled buy with the help of a confidential informant and recording that transaction does not "shock the conscience." Plaintiff agreed to meet with Defendant and the informant and exchanged drugs for money. (ECF No. 1 at 7–8). Therefore, even if Defendant tricked Plaintiff into thinking Defendant was a legitimate buyer, Defendant's conduct cannot be said to be "so brutal and so offensive to human dignity" that it "shocks the conscience." *See Stokes*, 498 F.3d at 485 (holding there was no Fourteenth Amendment violation even though an undercover government official entrapped plaintiff by persuading him to hunt for deer at night using a spotlight and provided the transportation, gun, and weapon because plaintiff still voluntarily broke the law). Furthermore, as discussed above, Plaintiff's claim for a Fourth Amendment violation fails, so, to the extent that his claim for violation of the Fourteenth Amendment stems from his claims for an unreasonable search based on the recording of the controlled buy, this claim must also fail.

## C. Frivolousness of Claims and Designation as a "Strike" Pursuant to 28 U.S.C. § 1915(g)

Plaintiff objects to the magistrate judge's recommendation that this case be counted as a "strike" under 29 U.S.C. § 1915(g). (ECF No. 47 at 3). While the magistrate judge correctly found that Plaitniff has been continuously warned about the lack of viability of a false arrest claim when there is a valid grand jury indictment (ECF No. 42 at 12–13), in liberally construing the Complaint, the court does find that Plaintiff may have asserted additional claims beyond just a claim for false arrest. While the court has liberally construed Plaintiff's Complaint as asserting these claims, Plaintiff has, nonetheless, failed to state a claim upon which relief can be granted, and his action is subject to dismissal accordingly. However, the court declines to designate this matter as a "strike."

## D. Request for Production

Plaintiff further objects to the magistrate judge not addressing his requests for production of evidence that Defendant had authorization to conduct the controlled buy. (ECF No. 47 at 4). Plaintiff states that the request had been previously filed with the court and was dated October 27, 2017. *Id.* The court has thoroughly reviewed the record, and the only request for production that the court could find was the one attached to Plaintiff's objections, which were filed April 26, 2018. (ECF No. 47-1). Plaintiff, however, dated the request as being made on November 27, 2017. *Id.*

Regardless of when the requests for production were filed, the magistrate judge did not err in not addressing those requests at this stage in the litigation. Requests for production are a discovery mechanism. At this time, Defendant has not answered the Complaint, and no discovery has taken place. Furthermore, because the court is granting Defendant's Motion to Dismiss, Plaintiff's request for production is now moot.

### IV. Motions to Amend Plaintiff's Complaint

After the Report had been mailed to Plaintiff, Plaintiff filed two separate motions to Amend his Complaint. (ECF Nos. 44 & 51). His fifth Motion to Amend, found at docket entry 51, encompasses all proposed amendments from docket entry 44 and adds additional proposed amendments. As such, Plaintiff's fourth Motion to Amend (ECF No. 44), is denied as moot. In regards to Plaintiff's fifth Motion to Amend, Defendant responded, opposing the amendments. (ECF Nos. 56). Plaintiff replied to Defendant's responses. (ECF Nos. 58).

First, Plaintiff seeks to withdraw his false arrest claim. (ECF Nos. 51 at 1). Defendant has previously stated that he does not object to the withdrawal of this claim. (ECF No. 52 at 4). However, the court finds that the remaining proposed amendments do not cure the deficiencies of Plaintiff's Complaint and would be futile. *See* Fed. R. Civ. P. 15; *Johnson v. Oroweat Foods,*

*Co.*, 785 F.2d 503, 509 (4th Cir. 1986) ("leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile"). First, Plaintiff seeks to amend his Complaint to subject Defendant to criminal prosecution for breaking South Carolina law. (ECF No. 51 at 2). However, Plaintiff has no authority to prosecute Defendant in a criminal context or bring any criminal claims against Defendant within his §1983 civil action. Finally, the remainder of Plaintiff's proposed amendments include only reiterations of his prior claims – which have been discussed by both the magistrate judge and this court. Therefore, the court finds that none of Plaintiff's proposed amendments would cure the deficiencies of Plaintiff's Complaint. Accordingly, Plaintiff's Motion to Amend (ECF No. 51) is granted in part *only* to the extent that it withdraws Plaintiff's claim for false arrest, and is denied in part as to all other proposed amendments.

## V. CONCLUSION

For the reasons stated above, Plaintiff's fifth Motion to Amend (ECF No. 51) is **GRANTED IN PART** to the extent that Plaintiff wishes to withdraw his claim for false arrest and **DENIED IN PART** as to all other proposed amendments because they would not cure the deficiencies of the Complaint. Furthermore, because Plaintiff's fifth Motion to Amend (ECF No. 51) encompassed all proposed amendments in his fourth Motion to Amend, Plaintiff's fourth Motion to Amend (ECF No. 44) is **DENIED AS MOOT.**

Additionally, after a thorough review of the Report and the entire record in this case in accordance with the standard set forth above, the court adopts the magistrate judge's Report (ECF No. 42) to the extent that it is consistent with this Order and incorporates it herein. As such, Defendant's Motion to Dismiss (ECF No. 21) is **GRANTED.** Furthermore, because this

order is dispositive of the lawsuit as a whole, the Plaintiff's Motion for Summary Judgment (ECF No. 34) is **DENIED AS MOOT.** Accordingly, this case is **DISMISSED**.

    **IT IS SO ORDERED.**

s/ Timothy M. Cain
United States District Judge

June 18, 2018
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.